Nathaniel Errol SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 79–1931.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1980.

Decided April 22, 1980.

508

Nathaniel Errol Smith, filed brief for appellant pro se.

Robert D. Kingsland, U. S. Atty., and Timothy J. Wilson, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before BRIGHT, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Nathaniel Errol Smith, an inmate of the federal penitentiary at Terre Haute, Indiana, appeals *pro se* from the district court's denial of his motion to vacate sentence pursuant to 28 U.S.C. § 2255 (1976). For the reasons set forth below, we affirm.

On November 1, 1976, Smith was indicted in the Eastern District of Missouri on charges of forcible entry into a postoffice in violation of 18 U.S.C. § 2115 (1976), and theft of mail matter in violation of 18 U.S.C. § 1708 (1976). He entered a plea of guilty to the charge of forcible entry and was sentenced to four years' imprisonment. This sentence was to run concurrently with a three-year sentence imposed in a separate case.

On April 13, 1979, appellant filed the present motion to vacate or correct his sentence, accompanied several weeks later by motions for production of documents and appointment of counsel. The district

court [1] denied appointment of counsel and ordered the cause referred to the United States Magistrate for his report and recommendation pursuant to 28 U.S.C. § 636(b) (1976). The court subsequently dismissed appellant's section 2255 petition without an evidentiary hearing pursuant to the Magistrate's recommendation. The court also denied appellant's motion to reopen this adverse judgment pursuant to Fed.R.Civ.P. 60(b).

Appellant's substantive allegations [2] are not renewed on appeal. Instead, Smith raises various procedural matters, alleging specifically that (1) the Government did not respond to the district court's show cause order, and the court erred in not requiring a response; (2) the Government did not respond to his motion for discovery and production of documents, and the court erred in failing to require discovery; (3) the court denied his constitutional right to due process of law, affording him no opportunity to refute the magistrate's recommendation and no evidentiary hearing on his section 2255 motion; (4) adoption of the magistrate's report violated the provisions of Fed. R.Civ.P. 52 for findings of fact; and (5) the court erred in denying his motion, pursuant to Fed.R.Civ.P. 60, to reopen the judgment denying his section 2255 petition.

Several of these claims are refuted by the record, and we accordingly dismiss them without extensive discussion. Contrary to appellant's allegation, the record shows that the Government replied to the district court's show cause order with a full answer to appellant's petition. The record similarly refutes appellant's claim that the district court failed to make findings of fact as required by Fed.R.Civ.P. 52(a).[3] Although the district court made no independent findings of fact, the court adopted the magistrate's report which included findings based on the transcript of plea proceedings. Fed. R.Civ.P. 52(a) expressly states that "[t]he findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court."

■ We also find little merit in the contention that the district court abused its discretion in failing to require production of documents. Rule 6 of the rules governing section 2255 proceedings in the district courts provides in part:

(a) *Leave of court required.* A party may invoke the processes of discovery available under the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure * * * *if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.* * * * [Emphasis added.]

Appellant alleged no facts showing good cause for discovery. His request for production of documents merely listed the records he sought to obtain, including those belonging to the "city jail," the "central jail," the police, the postal inspector, and the FBI. He also sought memoranda and communications between the U.S. Attorney and his court-appointed counsel, and various progress reports pertaining to his eligibility for parole. Smith did not state what he hoped to find in these records or how they would help him prosecute his section 2255 motion. In the absence of a showing of good cause for discovery, the district court acted within its discretion in denying appellant's request for production of documents. Rule 6, Rules Governing Section 2255 Proceedings. *Cf. Harris v. Nelson,* 394 U.S. 286, 290, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969) (holding that Fed.R.Civ.P. 33 does not apply in habeas actions, although district courts may authorize discovery in such actions if justice so requires).

1. The Hon. John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. Appellant alleged in district court (1) a coerced confession; (2) an involuntary guilty plea; (3) insufficient evidence to support his guilty plea; (4) an invalid plea bargain; (5) inadequate assistance of counsel; and (6) inadequate consideration for parole.

3. Fed.R.Civ.P. 52(a) provides in pertinent part:
(a) *Effect.* In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon[.]

Appellant next objects to the lack of an evidentiary hearing in district court. An evidentiary hearing on a section 2255 motion must be granted when the facts alleged would justify relief if true, or when a factual dispute arises as to whether or not a constitutional right is being denied. *Procunier v. Atchley*, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971); *Willis v. Ciccone*, 506 F.2d 1011, 1019 (8th Cir. 1974); *Shelton v. Ciccone*, 578 F.2d 1241 (8th Cir. 1978). Under this standard, the district court correctly denied an evidentiary hearing on claims which were refuted by the transcript of plea proceedings, such as the allegations of a coerced guilty plea, an invalid plea bargain, insufficient evidence to support the plea, and inadequate assistance of counsel in understanding the plea. *See Lafoon v. United States Board of Parole*, 441 F.2d 490 (5th Cir. 1971). The transcript of plea proceedings contains appellant's express disavowal of any coercion, and shows the sentencing court's complete compliance with the procedures mandated by Fed.R.Crim.P. 11(c) and (d). The transcript also contains appellant's admission to the crimes charged, and his description of how he committed them. *See* Fed.R.Crim.P. 11(f).

We note, moreover, that appellant's claims of coercion and inadequate representation in the plea proceeding were wholly conclusory. A mere statement of unsupported conclusions will not suffice to command a hearing. *Woods v. United States*, 567 F.2d 861, 863 (8th Cir. 1978).

We similarly find no error in the denial of an evidentiary hearing on the claim of a coerced confession. Although this allegation was not refuted by the trial transcript, the claim is inconsequential in that appellant pleaded guilty. The allegedly coerced confession was not used against him.

Smith made several allegations regarding the denial of parole. He alleged that the U.S. Attorney General supplied erroneous information to the parole board, resulting in misapplication of the parole guidelines; that the Attorney General omitted the sentencing judge's comments in information supplied to the parole board; that the parole board erroneously considered a progress report which was being contested pursuant to administrative remedies; and that the parole board increased his sentence through the erroneous application of a "very high severity sentence classification."

The district court did not err in denying Smith an evidentiary hearing to consider these allegations. Although collateral relief may be available where a parole board acts in a flagrant, unwarranted, or unauthorized manner, *see Kelsey v. State of Minnesota*, 565 F.2d 503 (8th Cir. 1977); *Dye v. United States Parole Commission*, 558 F.2d 1376 (10th Cir. 1977), such relief is properly sought in a petition for habeas corpus under 28 U.S.C. § 2241 (1976), addressed to the district court with jurisdiction over the prisoner or his keeper. *See, e. g., Andrino v. United States Board of Parole*, 550 F.2d 519, 520 (9th Cir. 1977). *Cf. United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (collateral relief is not available under 28 U.S.C. § 2255 for failure of the parole board to carry out the subjective intentions of the sentencing judge).

Appellant's final claim on appeal is that the district court abused its discretion in refusing to reopen its adverse judgment pursuant to appellant's motion under Fed.R. Civ.P. 60(b).[4] As a basis for reopening judgment, Smith stated that he had been prevented from fully presenting his case. Specifically, he alleged that his legal materials had been withheld from him when he was placed in segregation, that the prison law library was inadequate, that he could not obtain postage for mailing materials to

---

4. Fed.R.Civ.P. 60(b) provides in pertinent part:
    (b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]

the court due to the freezing of his commissary account to cover an outstanding certified mail postal bill, and that he could no longer send certified mail at government expense due to a change in prison policy.

Even if it is true that Smith was prevented from prosecuting his case by the actions of prison officials, he could add little to his allegations which would not be refuted by the transcript of plea proceedings, as noted above. In these circumstances, reopening of the judgment would be meaningless. The district court therefore cannot be said to have erred in denying appellant's motion under Fed.R.Civ.P. 60(b).

Affirmed.