16 F.3d 409
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Bryant F. CROSSON, Petitioner-Appellant,
v.
STATE of South Carolina; Dennis R. Bidwell, Warden,
Respondents-Appellees.
 No. 93-6720.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 21, 1993.
Decided Jan. 20, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CA-93-73-E)
 Bryant F. Crosson, appellant pro se.
 N.D.W.Va.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bryant F. Crosson appeals from the district court's orders dismissing his 28 U.S.C. Sec. 2241 (1988) habeas corpus petition under 28 U.S.C. Sec. 1915(d) (1988) and denying his Fed.R.Civ.P. Rule 59(e) motion to alter or amend the judgment. The dismissal was with prejudice. Finding that Appellant's claim is actionable under Sec. 2241, but that he failed to exhaust administrative remedies and sued the wrong parties, we affirm as modified to reflect dismissal without prejudice.
 
 
 2
 Appellant is a federal inmate housed at the Federal Correctional Institute in Morgantown, West Virginia ("FCI-Morgantown"). He filed this action pursuant to 28 U.S.C. Sec. 2241, claiming that South Carolina lodged an invalid detainer against him which has affected his "custodial interest to community corrections services (halfway house & home incarceration, etc.)." Named as Respondents are the State of South Carolina and Warden Dennis R. Bidwell. The district court dismissed his action under 28 U.S.C. Sec. 1915(d) and denied Appellant's Fed.R.Civ.P. 59(e) motion to alter or amend the judgment on the grounds that Appellant's claim was not actionable under Sec. 2241 or under any other federal law.
 
 
 3
 Pursuant to Sec. 1915(d), a district court may dismiss claims if the legal theories advanced are indisputably without merit or if the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In this case, the legal theories advanced are not clearly without merit.
 
 
 4
 Liberally construing Appellant's pro se complaint, see Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir.1990), his claim that the allegedly unlawful detainer has affected his interest in community corrections services amounts to a claim that his parole eligibility has been adversely affected by an unlawful detainer. Allegations of parole denial are properly raised in a petition for habeas corpus relief under 28 U.S.C. Sec. 2241. Smith v. United States, 618 F.2d 507, 510 (8th Cir.1980). However, a petitioner must exhaust administrative remedies before bring a Sec. 2241 action. Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir.1987).
 
 
 5
 Appellant has failed to demonstrate that he exhausted his administrative remedies. Moreover, an action concerning parole decisions should be asserted against the United States Parole Commission, rather than against the parties Appellant sued. In deference to Appellant's pro se status, we conclude that the better course would have been to give him an opportunity to demonstrate administrative exhaustion and to amend his pleadings to name the United States Parole Commission as Respondent, see Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir.), cert. denied, 439 U.S. 970 (1978), or to dismiss the action without prejudice. We grant Appellant's application to proceed in forma pauperis, deny Appellant's Motion for Summary Judgment, and affirm the district court's decision, but that decision is modified to reflect dismissal without prejudice to Crosson's right to refile against the proper respondent after exhausting administrative remedies. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.