108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brett E. LANG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1507.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1997.
 
 E.D.Mich., No. 95-73382; Patrick J. Duggan, Judge.
 E.D. Mich.
 AFFIRMED.
 Before: BROWN, BATCHELDER, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Brett E. Lang, proceeding pro se, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In a 69 count superseding indictment, Lang was charged with numerous drug and firearm offenses. Following a trial on those charges, a jury found Lang guilty of various drug and firearm offenses. The district court sentenced Lang to 324 months of imprisonment on the drug charges, plus a consecutive five-year term of imprisonment on the firearm charges. On appeal, a panel of this court affirmed Lang's convictions and sentence. United States v. Lang, No. 92-2487, 1994 WL 629393 (6th Cir. Nov. 8, 1994).
 
 
 3
 In his motion to vacate sentence, Lang claimed that: 1) his conviction violated the Double Jeopardy Clause; and 2) counsel rendered ineffective assistance. Lang also filed a motion for discovery. Upon review, the district court denied the motion as without merit, and denied his motion for discovery.
 
 
 4
 Lang has filed a timely appeal, reasserting his same claims. He also argues that the district court erred when it denied his motion for discovery.
 
 
 5
 Upon review, we conclude that the district court properly denied Lang's motion to vacate for the reasons stated in its memorandum opinion filed on March 19, 1996. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 6
 We note that Lang is barred from seeking relief on his first claim. This claim could have been but was not raised on direct appeal. Under these circumstances, in order to obtain review, Lang must demonstrate cause and prejudice to excuse his failure to raise this claim on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Lang has alleged no cause, and none is apparent from the record.
 
 
 7
 Furthermore, Lang suffered no prejudice as his claim lacks merit. While the Double Jeopardy Clause protects against multiple punishments for the same offense, see Witte v. United States, 115 S.Ct. 2199, 2204 (1995), a civil forfeiture does not constitute punishment for purposes of the Double Jeopardy Clause. See United States v. Ursery, 116 S.Ct. 2135, 2142-48 (1996). Consequently, the government's forfeiture of Lang's property and subsequent prosecution of Lang for drug and firearms violations did not impose multiple punishments against him in violation of the Double Jeopardy Clause. Further, the Drug Enforcement Agency properly released Lang's Mustang and Suzuki to the financial institutions that financed Lang's purchase of the vehicles because the institutions constituted "innocent parties" with an immediate right to possession of the property. See 28 C.F.R. § 0.101(c).
 
 
 8
 Lang did not establish that counsel rendered ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Lang did not dispute that counsel filed numerous motions on his behalf, or that counsel successfully moved to dismiss three counts of the superseding indictment filed against him. Furthermore, Lang's statement that counsel "left materials pertaining to [his] case in the courtroom at the end of the day," does not constitute deficient performance on counsel's behalf. Finally, counsel was not deficient for failing to challenge the identification of Lang's voice on various audiotapes, because Lang identified himself on several of the tapes or was identified by the other party to the conversation. On other tapes, Lang's voice was identified by witnesses who had been close to Lang for years.
 
 
 9
 Finally, we conclude that the district court did not abuse its discretion when it denied Lang's motion for discovery. See United States v. Straughter, 950 F.2d 1223, 1232 (6th Cir.1991), cert. denied, 502 U.S. 1119 and 503 U.S. 948 and 976 (1992). Lang is not entitled to discovery because the information he sought would not have helped him to prosecute his § 2255 motion. See Smith v. United States, 618 F.2d 507, 509 (8th Cir.1980).
 
 
 10
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.