# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3839

_____

Leonard A. Donahue,             *
                                             *

             Appellant,           *

                                             *    Appeal from the United States

         v.                         *    District Court for the

                                             *    Western District of Missouri.

United States of America,     *

                                             *            [UNPUBLISHED]

             Appellee.            *

_____

Submitted:  December 7, 1999
Filed:   January 4, 2000

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In August 1990, a jury found Leonard A. Donahue guilty of armed bank robbery and using a firearm during a bank robbery.  We affirmed his conviction, for which he received a sentence of 360 months imprisonment.  United States v. Donahue, 948 F.2d 438 (8th Cir. 1991), cert. denied, 503 U.S. 976 (1992).

Donahue filed this 28 U.S.C. § 2255 motion in February 1997, contending his attorney was constitutionally ineffective because he failed to inform him that the government had offered a plea agreement, that he could receive an offense-level reduction for acceptance of responsibility if he entered a guilty plea, or that it would

be in his best interest to plead guilty. In a sworn declaration, Donahue attested that had he known of the offer, and the offense level he faced if found guilty at trial, he would have pleaded guilty to the charges. To rebut Donahue's claims the government submitted only the affidavit of Donahue's trial counsel, who attested, as relevant, that "[a]ll plea offers were communicated to" and rejected by Donahue, who had wanted a trial because he would otherwise lose his appeal rights; that counsel completely and fully advised Donahue of the effects of the United States Sentencing Guidelines on his case and the effect that pleading guilty as opposed to going to trial would have on his Guidelines range; and that Donahue made his decision to go to trial after he was fully advised of his rights and options. The District Court denied the motion without a hearing, and issued a certificate of appealability on this claim.

We review de novo, and affirm only when the motion and the files and the records of the case conclusively show the movant is not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 516 U.S. 885 (1995). We believe that the government's affidavit alone was insufficient to resolve this issue, and that the taking of evidence is necessary. See Smith v. United States, 618 F.2d 507, 510 (8th Cir. 1980) (per curiam) (evidentiary hearing on § 2255 motion must be granted when facts alleged would justify relief if true, or when factual dispute arises as to whether constitutional right was denied). Accordingly, we reverse the denial of relief as to Donahue's claim that trial counsel was ineffective for failing to convey a plea offer, and remand for an evidentiary hearing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.