# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1388

_____

Anthony Wilson Kingsberry,

                Appellant,

      v.

United States of America,

                Appellee.

        \* Appeal from the United States
        \* District Court for the
        \* Western District of Missouri.

_____

Submitted:  September 16, 1999

Filed:  January 31, 2000

_____

Before RICHARD S. ARNOLD, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

FLOYD R. GIBSON, Circuit Judge.


A jury convicted Anthony Wilson Kingsberry of five drug and firearm offenses. Kingsberry was sentenced as a career offender and received three concurrent terms of life imprisonment, a concurrent two hundred and forty month sentence and a mandatory consecutive sixty month sentence. Kingsberry filed a motion pursuant to 28 U.S.C. § 2255 (Supp. III 1997) to vacate, set aside or correct his sentence.  Kingsberry argues that his trial counsel was ineffective regarding an alleged plea offer by advising him

inaccurately as to his sentencing exposure and potential classification as a career offender. The district court[1] denied relief without an evidentiary hearing. Kingsberry appeals, and we affirm.

## I. BACKGROUND

This appeal revolves around an alleged plea agreement offer, the substance and, indeed, existence of which is disputed. The parties agree that prior to trial, in an effort to initiate plea agreement negotiations, Kingsberry made a proffer of information regarding related criminal activity. The government accepted the proffer and undertook investigation.

The district court received contradictory affidavits regarding the success of this proffer.[2] Kingsberry alleges that a plea agreement offer was subsequently made and communicated to him by his trial counsel, Mr. Price. Kingsberry submitted his own affidavit, as well as the affidavit of his wife, Tara Kingsberry, as evidence of the plea agreement offer and its terms. See Appellant's Ex. App. at 13-15. Conversely, the government contends that upon conducting the proffer it determined that Kingsberry was being uncooperative and untruthful. As such, the government

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

[2]The district court properly granted the government's motion for expansion of the record, to include these affidavits. See 28 U.S.C. § 2255, Rule 7 (1994) (stating in pertinent part that "[a]ffidavits may be submitted and considered as a part of the record").

claims that a formal plea agreement offer never materialized.[3]  The government

submitted the affidavit of Kingsberry's trial counsel, Mr. S. Dean Price, to

corroborate its version of the events.  See Appellee's Ex. App. at 16-20.

In any event, Kingsberry proceeded to trial and was convicted.  Because the

instant offenses involved a controlled substance and he had been convicted

previously of three separate violent felonies, Kingsberry's Presentence Investigation

Report recommended that he be sentenced as a career offender pursuant to § 4B1.1

of the Sentencing Guidelines. At the sentencing hearing, Mr. Price asserted that

Kingberry did not qualify as a career offender.  He opined that because the three

previous offenses had been consolidated for sentencing they were "related" and

therefore, considered appropriately as only one offense under Application Note 3 to

§ 4A1.2.[4]  The district court rejected this argument, finding that the offenses

---

[3]The record on appeal contains no affidavit by the government reciting that it never offered Kingsberry's trial counsel a formal plea agreement.  Yet, the government's appellate counsel, who also tried the case, argues as though such an affidavit was submitted to the district court.  We assume that the omission of this affidavit resulted from a technical oversight, rather than dissembling, on the part of the government.  If, however, government counsel who dealt with Kingsberry's trial counsel at the time of the proffer is unable to state under oath that no such plea agreement was offered, then we expect the government to file a petition for rehearing admitting that fact and urging us to remand for an evidentiary hearing.

[4]Section 4A1.2(2) states in relevant part that "[p]rior sentences imposed in related cases are to be treated as one sentence . . . ."  Application Note 3 states that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).  Otherwise, prior sentences are considered related if they resulted from offenses that . . . were consolidated for trial or sentencing." Section 4A1.2 is relevant by virtue of Application Note 3 to § 4B1.2.

occurred on three different dates and resulted in two separate arrests, thereby constituting an "intervening arrest" under that same application note. As a result, Kingsberry fell within the purview of § 4B1.1 and was sentenced as a career offender.

## I.    DISCUSSION

Kingsberry seeks post-conviction relief, claiming that his trial counsel was constitutionally ineffective during the plea process. Kingberry contends that Mr. Price misunderstood the term "intervening arrest" and concomitantly the career offender requirements as they applied to him. Consequently, Kingsberry alleges, he was not advised of his potential status as a career offender and, perceiving only a minor variance in potential sentencing exposure, he proceeded erroneously to trial. He argues that the district court erred in denying him an evidentiary hearing. We review the district court's denial of an evidentiary hearing for an abuse of discretion. See Widgery v. United States, 796 F.2d 223, 224 (8th Cir. 1986).

An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. See 28 U.S.C. § 2255 (Supp. III 1997); Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985). To obtain relief for ineffective assistance of trial counsel under Strickland v. Washington, 466 U.S. 668 (1984), a petitioner must show that "counsel's representation fell below an objective standard of reasonableness"and that this "deficient performance prejudiced the defense." Id. at

-4-

687-88. If the petitioner makes an insufficient showing on one component, the court need not address both components. See id. at 697.

We address the prejudice component, assuming arguendo that the performance of Kingsberry's trial counsel fell below an objective standard of reasonableness. We begin by noting that prejudice is possible, notwithstanding a subsequent fair trial, where counsel failed to provide accurate advice regarding a plea agreement offer. See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995) (citation omitted). See also United States v. Rodriguez, 929 F.2d 747, 753 n. 1 (1st Cir. 1991); United States v. Day, 969 F.2d 39, 44 (3rd Cir. 1992). Logic dictates therefore, that to establish such prejudice, the petitioner must begin by proving that a plea agreement was formally offered by the government. Kingsberry argues that the contradictory affidavits submitted on this issue create a fact dispute, mandating an evidentiary hearing. We disagree.

The record before this Court is sufficient to show conclusively that a formal plea offer never materialized. The two parties necessarily privy to a plea offer and fundamental to resolution of this issue both deny the existence of a plea agreement offer.[5] Kingsberry argues nonetheless, that this type of trial by affidavit is proscribed by Rule 7 of the Rules Governing § 2254 where the outcome of the proceeding rests upon the credibility of the affiant.[6] While we agree with the

_____

[5]As we noted, *see supra* note 3, our opinion assumes that the omission of a sworn government affidavit formally denying this was inadvertent.

[6]The Advisory Committee Note to 28 U.S.C. § 2254, Rule 7 is made applicable by reference from the Advisory Committee Note to 28 U.S.C. § 2255, Rule 7. "When

-5-

principle enunciated by Kingsberry, we note that an evidentiary hearing is necessary only where "the court is presented with some reason to question the evidence's credibility." 1 Liebman and Hertz, Federal Habeas Corpus Practice and Procedure § 19.5, at 723 (3rd ed. 1998). No facts casting genuine doubt upon the veracity of Mr. Price's affidavit were presented.

By contrast however, the veracity of Kingsberry's own supporting affidavits can be challenged as they recite inconsistent facts regarding the substance of the alleged plea agreement offer.[7] It is well settled in this Circuit that "a single, self-serving, self-contradicting statement is insufficient to render the motion, files, and records of [the] case inconclusive . . . ." Holloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992). See also Smith v. United States, 618 F.2d 507, 510 (8th Cir. 1980) (stating that the mere recitation of unsupported conclusions will not suffice to necessitate an evidentiary hearing). Accordingly, we cannot say that the district court abused its discretion in denying Kingsberry's motion without an evidentiary hearing.

---

the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful." See 28 U.S.C. § 2254, Rule 7 advisory committee's note (1994) (quoting Raines v. United states, 423 F.2d 526, 530 (4th Cir. 1970).

   [7] Mrs. Kingsberry avers that Mr. Price communicated a plea agreement offer reducing Kingsberry's sentence from approximately twenty-two years to approximately five. See Appellant's Ex. App. at 14-15. By contrast, Kingsberry's affidavit stated that he believed the plea offer would reduce his base offense level from 34 to 32 (equivalent approximately to fifteen years reduced from twenty). See Appellant's Ex. App. at 13.

Kingberry argues alternatively that even in the absence of a plea agreement offer, Mr. Price was constitutionally ineffective in not advising him to plead guilty. Kingsberry contends that because of Mr. Price's erroneous calculations regarding his classification as a career offender he forwent the opportunity to plead guilty and possibly receive a downward adjustment for acceptance of responsibility. Kingsberry asserts that an evidentiary hearing is necessary to determine the substance of Mr. Price's recommendations. We have carefully reviewed this claim and the affidavits submitted in support and in opposition, and applying similar reasoning, we conclude that the district court did not abuse its discretion in denying relief without an evidentiary hearing.

Accordingly, we affirm the judgment of the district court.

RICHARD S. ARNOLD, Circuit Judge, dissenting.

Petitioner's claim is that his trial counsel was ineffective in not properly advising him with respect to a plea offer that the government had made. The Court today rejects this claim on the ground that the affidavits in the record do not create a genuine issue of material fact with respect to the existence of any such offer. I believe that an evidentiary hearing should have been held on this issue, and therefore I respectfully dissent.

In support of his petition, Mr. Kingsberry filed an affidavit swearing that his lawyer had informed him of a plea offer from the United States "which would result in a base offense level of 32 at sentencing." Appellant's Add. at A-13. The United States countered with an affidavit from petitioner's trial counsel, stating that there was never any formal plea offer. Id. at A-18. On the face of it, these warring affidavits create a

classic issue of fact. An evidentiary hearing ought to have been held, at which the trier of fact, having heard and observed live testimony from Mr. Kingsberry and his trial counsel, could have decided whom to believe.

The Court avoids this conclusion by citing the affidavit of petitioner's wife, Tara Kingsberry, which petitioner submitted in support of his claim. According to the Court, see ante at 6 n.7, Mrs. Kingsberry averred that the lawyer had communicated a plea agreement in which petitioner's sentence would have been reduced to five years. By contrast, as I have noted, petitioner's own affidavit refers to a plea offer that would have reduced his base offense level to 32, producing a sentence of approximately 15 years. The Court today holds that the contradiction which it sees between Mr. Kingsberry's affidavit and that of his wife operates to avoid the necessity of an evidentiary hearing.

I disagree with this conclusion for two reasons. First of all, there is no contradiction between the affidavits of Mr. and Mrs. Kingsberry. Mrs. Kingsberry's reference to a five-year sentence assumed that her husband would cooperate with the government, as a co-defendant had done. Mrs. Kingsberry went on to say that "Mr. Price [petitioner's trial lawyer] stated that if Anthony did not cooperate and pled guilty he would be sentenced to approximately 15 years in jail." Appellant's Add. at A-14. Thus, there is no material difference between the two affidavits. Both of them recount a plea offer that would have produced a sentence of about 15 years.

Furthermore, even if the two affidavits presented in support of the claim differed in some material respect, it does not follow that an evidentiary hearing was properly dispensed with. The Court invokes the rule of Holloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992), that "a single, self-serving, self-contradicting statement is insufficient to render the motion, files, and records of [the] case inconclusive . . .." With this statement of the law I have no quarrel. The problem is that there is in the instant case no "single, self-serving, self-contradicting statement" (emphasis supplied).

There are, instead, two separate statements differing in detail, but agreeing on the crucial issue, whether the government had made a plea offer to petitioner. Apparently Mrs. Kingsberry's discussion with the lawyer (if her affidavit is to be believed, which it must be at the present stage of the case) had been more detailed than that of her husband. These discussions may well have taken place at different times. There is nothing at all strange about a lawyer's discussing a husband's case with the wife.

So the District Court had three affidavits before it: two on the petitioner's side, both stating that a plea offer that would have resulted in a 15-year sentence had been made, and one on the government's side, stating that no "formal" offer was ever made. The odd thing about this case is that we have no affidavit from counsel for the United States. One would think, in a case like this, that the Assistant United States Attorney who handled the case against Mr. Kingsberry would file an affidavit of his own backing up the current recollection of petitioner's trial counsel. If such an affidavit existed, it perhaps would have been proper to deny an evidentiary hearing, on the ground that both persons competent to testify of their own knowledge whether a plea offer had been made had sworn that there had been no offer.

The Court acknowledges that counsel for the United States has supplied no affidavit. The Court appears to believe that this omission is important, if not crucial. It speculates, however, that the omission "resulted from a technical oversight . . .." Ante, at 3 n.3. I question the use of the term "technical." If the central issue of fact is whether a plea offer was made, and if this fact is within the personal knowledge of counsel for the United States, it is hard to understand why the omission of an affidavit to that effect should be excused, at the appellate level, as a "technical oversight." The government has not told us that an oversight has occurred, neither has it sought leave to supply an affidavit at this stage of the case. And yet, the Court today decides the case in favor of the government, subject to the curious condition subsequent that the government will lose (so far as the holding of an evidentiary hearing is concerned) if it files a petition for rehearing admitting that it should lose. This is indeed a

jurisprudential curiosity, and grants an extraordinary indulgence to the most powerful and best-funded litigant in the world.

Anthony Kingsberry is serving a life term. Perhaps this is just, but on the present record I do not think we can be sure. The judgment should be reversed, and the cause remanded for an evidentiary hearing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.