# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3269

_____

| | | |
|---|---|---|
| Rickey Hale Daffron, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Larry Norris, Director, Arkansas | * | |
| Department of Correction, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: May 30, 2000
Filed: August 7, 2000

_____

Before McMILLIAN, BRIGHT, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Rickey Daffron was convicted of raping his nine-year-old stepdaughter, raping his ten-year-old stepdaughter, and attempting to rape his twelve-year-old daughter. After his convictions were affirmed in appellate and postconviction proceedings in Arkansas state court, Daffron sought relief in federal court pursuant to 28 U.S.C. § 2254. He appeals the district court's[1] dismissal with prejudice of his habeas petition.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District

We granted a certificate of appealability on two issues: whether Daffron's assertion of actual innocence excuses his procedural default of certain claims in state court, and whether Daffron's trial counsel was ineffective for failing to discuss fully the terms of an offered plea bargain. For the reasons discussed below, we affirm.

When a habeas petitioner raises actual innocence to excuse his procedural default, he must support his allegations with new, reliable evidence that was not presented at trial. See Schlup v. Delo, 513 U.S. 298, 324 (1995). Daffron points to four pieces of evidence that he claims would show his actual innocence: sealed divorce court records, juvenile court testimony, Department of Human Services reports, and school transfer paperwork. We conclude that none of these items are "new," however.

Prior to trial, Daffron told his counsel about the existence of the first three items. This evidence is therefore not new because Daffron or his counsel, through the exercise of due diligence, could have obtained it for use at trial. See Amrine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc) ("evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence"), cert. denied, 523 U.S. 1123 (1998). Even if Daffron was unaware of the existence of the school transfer paperwork at the time of trial, he knew the information which he claims it would show: the address where he, his ex-wife, and the children were residing. See Johnson v. Norris, 170 F.3d 816, 819 (8th Cir. 1999) (facts of which defendant was aware at trial, and to which defendant could have testified, are not new evidence); Bannister v. Delo, 100 F.3d 610, 618 (8th Cir. 1996) (document is not new evidence if defendant was aware at trial of facts contained in document, even if defendant was not aware of document itself), cert. denied, 521 U.S. 1126 (1997).

Next, Daffron claims that his trial counsel was ineffective for failing to discuss fully a plea offer. According to Daffron, his counsel told him that the State had offered

of Arkansas.

a plea bargain under which Daffron would receive a three-year sentence, and predicted that Daffron would not be convicted of any of the charges. If Daffron had known how counsel was going to perform at trial, he claims, he would have accepted the plea offer.

This claim fails for two reasons. First, both Daffron's trial counsel and counsel for the State deny that there was ever such a plea offer. See Kingsberry v. United States, 202 F.3d 1030, 1032-33 (8th Cir. 2000) (to establish prejudice, petitioner must prove that government in fact formally offered plea agreement; petitioner's statement that such offer existed fails to demonstrate its existence when his trial counsel and government both agree that there was no such offer), petition for cert. filed, No. 99-9048 (Apr. 12, 2000). Second, Daffron has continuously maintained his innocence. See United States v. Stevens, 149 F.3d 747, 748 (8th Cir.) (rejecting claim that trial counsel was ineffective for failing to advise defendant of advantages of pleading guilty, where defendant maintained his innocence at post-trial motion hearing; defendant failed to establish reasonable probability that he would have pleaded guilty if properly advised, and thus failed to show prejudice), cert. denied, 525 U.S. 1009 (1998); Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995) (rejecting claim that trial counsel was ineffective for failing to advise defendant of advantages of accepting offered plea agreement where defendant, inter alia, maintained his innocence at trial and continued to assert his innocence after trial).

Accordingly, we affirm the judgment of the district court. We also deny Daffron's motion for appointment of new counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-