# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1853

_____

Dwight A. Thomas

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 24, 2013
Filed: December 16, 2013

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Dwight A. Thomas appeals the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Thomas alleges his trial counsel was ineffective in failing to move to dismiss his indictment for violation of his Sixth

Amendment right to a speedy trial. The district court[1] denied his motion without a hearing. He then filed a Federal Rule of Civil Procedure 60(b) motion for relief from the judgment, and the district court denied the motion. We affirm.

I.

A federal grand jury returned a two-count indictment against Thomas on October 5, 2004, charging him with Count 1, distributing between three and four grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and Count 2, possession with intent to distribute at least 50 grams, but not more than 150 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). An arrest warrant was promptly issued but erroneously listed Thomas's birth date. Due to this error, Thomas was not apprehended on the indictment until February 2008, when he was taken into custody for a separate drug incident, approximately three years and four months after the indictment was entered.

After his arrest, the court appointed counsel to represent him. Thomas was arraigned on February 26, 2008, and he pled not guilty to the 2004 charges. The Government then filed an information under 21 U.S.C. § 851 alleging that Thomas had two felony drug convictions prior to the 2004 incident. The effect of the information was to provide for a mandatory sentence of life imprisonment if Thomas were convicted on Count 2. 21 U.S.C. § 841(b)(1)(A). After trial, the jury convicted him on both counts. The court sentenced Thomas to 240 months imprisonment on Count 1 and life on Count 2, to run concurrently. We affirmed the convictions and sentences. United States v. Thomas, 593 F.3d 752 (8th Cir. 2010).

---

[1]The Honorable Gregory Kays, United States District Judge for the Western District of Missouri.

Thomas then moved, under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence based on a violation of his Sixth Amendment right to the effective assistance of counsel. He alleged that counsel never discussed with him the possibility of moving to dismiss the case based on a speedy trial violation, and the failure to file such a motion to dismiss prejudiced him. In response, trial counsel filed an affidavit that asserted he had discussed the option of moving to dismiss on speedy trial grounds with Thomas, and Thomas agreed with his attorney's decision that it was better to go to trial on the 2004 indictment than to defend against a 2008 incident for which he was arrested but had not been indicted. The attorney reasoned that: (1) in 2004, Thomas was outside of the drug house but in 2008 he was inside the house in which the drugs were found, (2) the informant from the 2004 case was no longer available, (3) fewer witnesses were available in the 2004 case, (4) a jury might view an older case as less important, (5) the 2004 case would be more difficult for the government to prove, and (6) if the court dismissed the 2004 case, Thomas would be charged with the 2008 drug sale, and would have more difficulty working out a reasonable plea agreement.

The district court denied the motion and found a hearing unnecessary because the record conclusively showed that counsel's performance was reasonable. The court specifically found that Thomas's claims were contradicted by the record because, based on counsel's affidavit, Thomas agreed with the decision not to file a motion to dismiss on speedy trial grounds. Because counsel's performance was reasonable, the court did not consider whether the alleged ineffectiveness prejudiced Thomas. Thomas then filed a Rule 60(b) motion for relief from the judgment, which the district court summarily denied, and Thomas appealed. This court granted a

certificate of appealability as to Thomas's "speedy-trial claim and on his Rule 60(b) claim."[2]

## II.

Thomas argues (1) he should have been afforded an evidentiary hearing because the files and records of the case do not conclusively establish that he is not entitled to 28 U.S.C. § 2255 relief, and (2) the district court abused its discretion in denying his motion for relief from the judgment under Rule 60(b). We address each claim in turn.

## A.

Our review of a district court's ruling in a 28 U.S.C. § 2255 proceeding is de novo both on matters of law and on mixed questions of law and fact. United States v. Duke, 50 F.3d 571, 576 (8th Cir. 1995). We review a district court's decision to deny an evidentiary hearing for abuse of discretion; however, we are obligated "to look behind that discretionary decision to the court's rejection of the claim on its merits, which is a legal conclusion that we review de novo." Noe v. United States,

---

[2]The certificate of appealability did not include the issue of the effectiveness of Thomas's counsel. While ordinarily our review is limited to the certificate of appealability, de la Garza v. Fabian, 574 F.3d 998, 1001 (8th Cir. 2009), we retain "discretion to consider *sua sponte* issues beyond those specified in a certificate of appealability," United States v. Morgan, 244 F.3d 674, 674-75 (8th Cir. 2001) (en banc). Here, we find it appropriate to expand the certificate by including Thomas's ineffective assistance of counsel claim because Thomas filed his Motion for Certificate of Appealability pro se, and thus the issues were not presented as clearly as they otherwise may have been. See King v. United States, 595 F.3d 844, 854 n.5 (8th Cir. 2010).

601 F.3d 784, 792 (8th Cir. 2010) (quoting <u>Saunders v. United States</u>, 236 F.3d 950, 952 (8th Cir. 2001)).

Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists. <u>See</u> <u>Grady v. United States</u>, 269 F.3d 913, 919 (8th Cir. 2001); <u>United States v. Peltier</u>, 731 F.2d 550, 554 (8th Cir. 1984). The district court is not permitted to make a credibility determination on the affidavits alone; thus if the decision turns on credibility, the district court must conduct a hearing. <u>Kingsberry v. United States</u>, 202 F.3d 1030, 1032-33 & n.6 (8th Cir. 2000). An evidentiary hearing may be denied, however, if the motion, files, and records of the case conclusively show that the movant is not entitled to relief. 28 U.S.C. § 2255(b). The court may find this conclusive showing if either "(1) the [petitioner's] allegations, accepted as true, would not entitle the [petitioner] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." <u>Buster v. United States</u>, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting <u>Sanders v. United States</u>, 341 F.3d 720, 722 (8th Cir. 2003)) (internal quotation marks omitted).

Thomas first argues that the district court erroneously included trial counsel's affidavit in the files and records of the case. In 1978, this court proscribed the use of affidavits as part of the files and records of the case when making credibility determinations. <u>Lindhorst v. United States</u>, 585 F.2d 361, 365 (8th Cir. 1978). However, the subsequent Rules Governing 28 U.S.C. § 2255 superseded <u>Lindhorst</u> and now permit the use of affidavits. Specifically, Rule 7 provides that "[a]ffidavits also may be submitted and considered as part of the record." 28 U.S.C. § 2255, Rule 7. In addition, Rule 8 provides that "the judge must review [the record] and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." 28 U.S.C. § 2255, Rule 8. Under these rules, trial courts now may

consider affidavits as part of the files and records of the case.  See Kingsberry, 202 F.3d at 1031 & n.2.

Thomas next argues a hearing is warranted because he demonstrated that his counsel was ineffective, thus, the files and records of the case do not conclusively establish that he is not entitled to relief.  Generally, to be successful on a claim of ineffective assistance of counsel, a defendant must "show both deficient performance by counsel and prejudice to the defense caused by that performance."  Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  "Deficiency means that counsel's performance fell below an objective standard of reasonableness, and prejudice means that, but for counsel's errors, a reasonable probability exists that the result . . . would have been different." Deltoro-Aguilera v. United States, 625 F.3d 434, 437 (8th Cir. 2010) (citing Strickland, 466 U.S. at 688, 694).

The defendant bears the burden to overcome the strong presumption that counsel's performance was reasonable.  Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006).  However, strategic choices made due to a lack of preparation or investigation are not protected by the same presumption.  Strickland, 466 U.S. at 690-91; Armstrong v. Kemna, 534 F.3d 857, 864-65 (8th Cir. 2008).  An attorney is not incompetent in exercising reasonable professional judgment even when, in hindsight, the decision may have been a mistake.  Brown v. United States, 656 F.2d 361, 363 (8th Cir. 1981).  But, an attorney must conduct more than a cursory investigation. See Wiggins v. Smith, 539 U.S. 510, 527 (2003) (citing Strickland, 466 U.S. at 691); see also Nelson v. Hargett, 989 F.2d 847, 850-51 (5th Cir. 1993) (finding that, on the particular facts, the failure to file a speedy trial motion was not a reasonable trial strategy but instead appeared to be the result of ineffective investigation).

The accused has the "ultimate authority to make certain fundamental decisions regarding the case." Jones v. Barnes, 463 U.S. 745, 751 (1983). The attorney, on the other hand, has the responsibility of making tactical decisions of trial strategy. Strickland, 466 U.S. at 689; Sanders v. Trickey, 875 F.2d 205, 207 (8th Cir. 1989) (noting that, when determining whether counsel's representation was deficient, a "court must avoid second-guessing trial strategy"). The Supreme Court has recognized only four fundamental choices that a defendant always has the right to make. See Jones, 463 U.S. at 751; see also United States v. Boyd, 86 F.3d 719, 723 (7th Cir. 1996) (reasoning that, aside from the four fundamental decisions enumerated by the Supreme Court in Jones, all other trial decisions are strategic decisions reserved for counsel). Those fundamental choices remaining with the defendant are the decision "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." Jones, 463 U.S. at 751

The Supreme Court has not enumerated the decision to move to dismiss for a Sixth Amendment speedy trial violation as a fundamental choice reserved for the defendant, Jones, 463 U.S. at 751, and such a decision does not have characteristics similar to those in the Court's enumerated list. A defendant is protected when trial tactics are reserved for trained counselors. See Boyd, 86 F.3d at 723 ("People charged with crime are by and large better off accepting the decisions of experienced trial lawyers than they would be making their own decisions; an amateur who receives professional advice is still an amateur.").

The right to a speedy trial is distinct from other rights enshrined in the Constitution to protect the accused. Barker v. Wingo, 407 U.S. 514, 519-20 (1972). The choices enumerated in Jones are guaranteed because their deprivation prejudices the defendant's right to defend himself. They "naturally reside with the defendant because they implicate the two most basic tenets of our legal system—the opportunity to have a day in court and the opportunity to have a jury of peers." United States v.

Washington, 198 F.3d 721, 724 (8th Cir. 1999). Conversely, the denial of a speedy trial, not implicating these basic tenants, does not per se prejudice the defendant's ability to defend himself. Barker, 407 U.S. at 519-20. Whether or not a motion is made to dismiss based upon Sixth Amendment speedy trial grounds, the defendant is guaranteed his day in court before a jury of peers. In fact, a delay in trial sometimes may work to the defendant's advantage, as witnesses become unavailable or memories fade, weakening the prosecution's case.

Moreover, this decision is unlike the fundamental decisions that the accused has the right to make because it does not involve choices easily comprehensible to a lay person. See Washington, 198 F.3d at 723-24; see also Boyd, 86 F.3d at 723-24 (reasoning that the decision to make a preemptory challenge is not as easily comprehensible to a lay person and thus is reserved for the attorney). The fundamental choices enumerated in Jones involve easily understood alternatives, such as whether to admit guilt or assert innocence, while the decision to move to dismiss for a speedy trial violation can involve the complicated weighing of factors and predicting of possible outcomes. Because of the possibility of the defendant's strategic advantage, courts apply a balancing test, instead of automatically dismissing the indictment, when a motion is made to dismiss for speedy trial violations. Barker, 407 U.S. at 520. Whether a violation has occurred can be determined only after consideration of all the relevant circumstances of the case at hand, including any prejudice to the accused and the prosecution. See generally United States v. Lewis, 9007 F.2d 773, 774 (8th Cir. 1990). In the instant case, trial counsel's decision not to move to dismiss the indictment involved gauging the effect of a possible dismissal on plea negotiations with respect to another incident, comparing the possibility of success at trial on the current charges to possible future charges, and predicting the ability of the government to effectively present a case. This decision involves matters of strategy better reserved for the application of a trained attorney's expertise, see Bowman v. Gammon, 85 F.3d 1339, 1345 (8th Cir. 1996) (indicating that the attorney

can appropriately decide as a "tactical trial decision in the interests of his client" to not move to dismiss on Speedy Trial Act grounds). Accordingly, the decision whether to move to dismiss for a speedy trial violation is a tactical decision of trial strategy.

In this case, trial counsel presented an affidavit identifying reasons for not moving to dismiss the case on speedy trial grounds. Though Thomas disputes that there was ever a meeting concerning the decision as to whether to file a motion, he does not contest the logic of his attorney's reasoning or the depth of his investigation. Rather, he asserts only that counsel erred in not conferring with him and that there "is no evidence . . . that indicate[s] the failure to file a motion to dismiss was due to any strategy." We find that the trial counsel's decision was within the wide range of defense counsel competence demanded by the Sixth Amendment.

In conclusion, we agree with the district court that an evidentiary hearing was not required. Even if, as Thomas claims, counsel did not confer with him as to the decision not to move for dismissal of the indictment on speedy trial grounds, this was a tactical decision which counsel could properly make without his client's input. See Wainwright v. Sykes, 433 U.S. 72, 93 (1977) (Burger, C.J., concurring). Thus, Thomas's claim fails on the first, deficiency prong under Strickland and we do not address whether the failure to file the motion was prejudicial.

B.

Thomas also argues that the district court erred in denying his 60(b) motion for relief from the judgment because the district court erred in including trial counsel's affidavit in the files and records of the case. We review the denial of a Rule 60(b) motion for abuse of discretion, which is found only when there are clearly erroneous findings of fact or conclusions of law. Noah v. Bond Cold Storage, 408 F.3d 1043,

1045 (8th Cir. 2005) (per curiam).  Because, under the Rules Governing 28 U.S.C. § 2255, the court properly took into account the affidavit, the district court did not err in denying the Rule 60(b) motion.

## III.

We conclude that because the decision whether to move to dismiss was a tactical decision made within his counsel's discretion, Thomas is not entitled to relief. Thus, an evidentiary hearing was not warranted.  We also find that the district court did not err in denying the Rule 60(b) motion.

Affirmed.

_____