# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3797

_____

United States of America

*Plaintiff - Appellee*

v.

Justin R. Bicket

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 4, 2014
Filed: November 6, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Justin Bicket, who was convicted of being a felon in possession of a firearm after a jury trial, see United States v. Bicket, 497 Fed. Appx. 679 (8th Cir. 2013) (per

curiam), appeals the district court's[1] order denying his 28 U.S.C. § 2255 motion without an evidentiary hearing. In his motion, Bicket claimed that his trial counsel provided ineffective assistance by failing to move to dismiss the indictment on speedy-trial grounds, and by failing to communicate a government plea offer.

Following de novo review, we conclude the denial of relief was proper. The record establishes that Bicket's counsel sought continuances to prepare for trial, that Bicket waived his speedy-trial rights, and that counsel's decision not to seek dismissal of the indictment did not amount to deficient performance. See Thomas v. United States, 737 F.3d 1202, 1206, 1209 (8th Cir. 2013) (standard of review; decision whether to move to dismiss for speedy trial violation is tactical decision of trial strategy), cert. denied, 134 S. Ct. 2323 (2014). Further, Bicket's attestations in support of his second ineffective-assistance claim--that his counsel "never" informed him of a plea offer--were contradicted by the record, including by his testimony at his sentencing hearing that he was aware of a specific eve-of-trial plea offer. The denial of relief without an evidentiary hearing was thus not an abuse of discretion. See Winters v. United States, 716 F.3d 1098, 1103 (8th Cir.) (§ 2255 motion may be dismissed without hearing if movant's allegations, accepted as true, would not entitle him to relief; or if allegations cannot be accepted as true because they are contradicted by record, are inherently incredible, or are conclusions rather than statements of fact), cert. denied, 134 S. Ct. 447 (2013).

Accordingly, we affirm.

_____

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.