[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13145
Non-Argument Calendar
_____

D. C. Docket Nos. 01-00024-CR-1-1 & 01-00024-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL W. WILLIAMS,
MALENTHIA WILLIAMS,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 27, 2006)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Michael W. Williams and Malenthia Williams, federal prisoners proceeding pro se, appeal the district court's denial of their "Motion for Determination of Federal Jurisdiction." The district court denied their motion on the merits, observing that the court that conducted the criminal trial did have jurisdiction; however, we first characterize the motion as one seeking habeas relief and then determine that the Williamses have not made the requisite substantial showing of the denial of a constitutional right that would warrant the issuance of a certificate of appealability ("COA"), which we interpret their appeal to request. Accordingly, we DENY the Williamses' motion for a COA and DISMISS the Williamses' appeal.

## I. BACKGROUND

On 1 February 2002, the Williamses were adjudged guilty of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (2). We affirmed. United States v. Williams, No. 02-10710 (11th Cir. Dec. 3, 2002).

On 22 April 2004, the Williamses filed a motion pursuant to 28 U.S.C. § 2255, which the district court denied on 11 January 2005. There is no indication that the Williamses appealed that order. On 20 December 2004, during the

2

pendency of their § 2255 motion, the Williamses filed a "Motion for Determination of Federal Jurisdiction," arguing that the district court did not have subject matter jurisdiction over the bank robbery offense because the offense did not take place on a "federal enclave" or on federal property. They asserted that it was not a motion filed pursuant to 28 U.S.C. § 2255. The district court denied the Williamses' motion concluding that jurisdiction was not dependent on the location of the crime in their case. Even though the Williamses claimed their motion was not a § 2255 motion, they filed a "motion 2253," in which they requested a COA. The district court declined to issue a COA, and the Williamses have appealed.

## II. DISCUSSION

The Williamses did not indicate the basis for their "Motion for Determination of Federal Jurisdiction." To the extent that the Williamses' motion presents a jurisdictional challenge, we exercise plenary review over whether the district court had jurisdiction to consider a question of law. United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995). Eight months prior to filing the instant motion, the Willliamses filed a 28 U.S.C. § 2255 motion. As their § 2255 motion was still pending, their subsequent motion should not have been considered a successive § 2255 motion, but instead a motion to amend their § 2255 motion.

3

Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002). Thus, the district court had jurisdiction to consider the merits of the Williamses' motion.

Although the Williamses specifically indicate that they were not pursuing a motion under 28 U.S.C. § 2255, habeas relief under that section appears to be the only cognizable basis for their claim. See 28 U.S.C. § 2255 (providing that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence" may bring a collateral challenge to his sentence by filing a motion to vacate, set aside or correct the sentence). Further, their "motion 2253" filed in the district court and seeking a COA, strongly suggests that they were seeking relief under 28 U.S.C. § 2255, regardless of their claims to the contrary.[1] Thus, we conclude that the motion filed with the district was an amended habeas petition, over which the district court did have jurisdiction and on which the district court did issue a denial on the merits.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we would have jurisdiction over this appeal if the § 2255 movant obtained a COA to

---

[1] The Williamses also claim that they are entitled to notice that a motion is being considered under the framework provided for habeas relief, citing Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). Adams is inapposite because the Williamses have already filed a habeas petition pursuant to § 2255. Thus, the rationale of protecting a petitioner from the restrictions on subsequent filings is inapplicable. As already discussed, we have interpreted the current motion as an amended § 2255 petition, which avoids the prejudice described in Adams.

4

appeal a denial of their motion.  Specifically, the statute provides that

> [u]nless a circuit justice or judge issues a certificate of
> appealability, an appeal may not be taken to the court of appeals
> from --
>> (A) the final order in a habeas corpus proceeding in which the
>> detention complained of arises out of process issued by a State
>> court; or
>> (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1).[2]  Thus, we may not entertain the appeal without the prior

issuance of a COA.

To obtain a COA, the prisoner must make a "substantial showing of the

denial of a constitutional right."  Id. § 2253(c)(2).  The district court declined to

issue the Williamses a COA, however, we may still issue one in the appropriate

circumstances.  Thus, we may grant a COA if "reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong."  Slack

v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  However, "a COA

does not require a showing that the appeal will succeed.  Accordingly, a court of

appeals should not decline the application for a COA merely because it believes

---

[2]  An application for a COA must be considered first by the district court.  Fed. R. App.
P. 22(b)(1); Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997) (per curiam).
However, a district court's denial of a COA is not reviewable on appeal.  Pruitt v. United States,
274 F.3d 1315, 1319 (11th Cir. 2001) (per curiam).  Instead, if the district court denies a COA,
the petitioner may request a COA from the court of appeals.  Id.; Fed. R. App. P. 22(b)(1).  As a
matter of judicial economy, however, we may treat an "appeal" of the denial of a COA as an
application for a COA.  Pruitt, 274 F.3d at 1319-20; Fed. R. App. P. 22(b)(2) ("If no express
request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges
of the court of appeals.").

the applicant will not demonstrate an entitlement to relief." Miller-El v. Cockrell, 537 U.S. 322, 337, 123 S. Ct. 1029, 1039 (2003) (addressing § 2254 petition). Noting that issuance of a COA is a jurisdictional prerequisite to resolution of the merits of the appeal, the Court explained that the proper focus at the COA stage is to

> look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason. This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, [28 U.S.C. § 2253(c)] forbids it.

Id. at 336, 123 S. Ct. at 1039. In sum, the Court noted that, at the COA stage, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." Id. at 342, 123 S. Ct. at 1042.

Turning to the merits of the Williamses' request for a COA, we must determine whether the Williamses have made a "substantial showing of the denial of a constitutional right." The Williamses argue that the bank robbery statute, 18 U.S.C. § 2113(a), is an unconstitutional exercise of congressional power because it seeks to regulate activity outside of the exclusive federal enclave of Washington, D.C., and the Williamses cite the 17th Clause of the U.S. Constitution, Article I, Section 8 for their argument. The constitutionality of the federal bank robbery statute was decided long ago. See Hudspeth v. Melville, 127 F.2d 373, 375 (10th

6

Cir. 1941). Congress relied on Article I, Section 8, Clauses 5 and 18—Congress's ability under the Necessary and Proper Clause to pass laws in furtherance of its power to coin money. Id. Because Congress did not improperly exercise its power under the Constitution, the Williamses' argument fails.

As to the jurisdiction of the district court, such courts have jurisdiction to hear cases concerning the violation of the laws of the United States. 18 U.S.C. § 3231. Bank robbery is a crime under the laws of the United States. See 18 U.S.C. § 2113(a). Section 2113 does not protect only banks on federal land or those owned by the federal government. Id. Instead, the law against bank robbery protects banks that are members of the Federal Reserve System or insured by the Federal Deposit Insurance Corporation. 18 U.S.C. § 2113(f); United States v. Maner, 611 F.2d 107, 108 (5th Cir. 1980).

For these reasons, it does not matter that the bank that the Williamses robbed was not on exclusively federal land. The bank the Williamses robbed was insured by the FDIC. R9-121 at 93. As federal jurisdiction over the crime of bank robbery applies more broadly than the Williamses suggest, no reasonable jurist could find that the district court's finding was debatable or incorrect.

## III.  CONCLUSION

The Williamses have appealed the district court's denial of their "Motion for Determination of Federal Jurisdiction."  We first characterized the motion as one seeking habeas relief and considered whether to issue a COA.  Concluding that the Williamses failed to make a substantial showing of the denial of a constitutional right, we **DENY** the Williamses' motion for a COA and **DISMISS** the Williamses' appeal.