# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2607

_____

Cesar D. Franco

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 15, 2014
Filed: August 8, 2014

_____

Before RILEY, Chief Judge, BEAM and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Cesar Franco pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b). The district court sentenced Franco to 120 months' imprisonment. No direct appeal followed. Franco filed a 28 U.S.C. § 2255(b) motion to vacate his sentence, alleging that his attorney, Jerry Hug, failed to file a requested notice of appeal. The district court denied the

motion without an evidentiary hearing. The court credited Hug's affidavit testimony that he did not recall Franco ever requesting an appeal, concluding that it was "more credible" than Franco's assertion that he asked Hug to file an appeal. We reverse and remand for an evidentiary hearing.

## I. *Background*

Franco pleaded guilty to conspiring to distribute methamphetamine, for which he was sentenced to the statutory mandatory minimum 120 months' imprisonment. No appeal followed. According to Franco, he "unequivocally requested" that Hug file a notice of appeal after sentencing. It is undisputed that Hug never filed an appeal on Franco's behalf. Franco first discovered that Hug did not file an appeal after writing to Michael Gans, the Clerk of Court for the Eighth Circuit, about the status of his appeal. Gans's office informed Franco that his case had not been appealed. In July 2012, Franco filed a § 2255 motion to vacate his sentence in the district court on the ground that Hug's failure to file a notice of appeal, as requested, amounted to ineffective assistance of counsel.

In his § 2255 proceeding, Franco filed an affidavit stating that he asked Hug to file an appeal. Hug filed an affidavit in response, stating that he did not recall being asked to file an appeal in Franco's case and that he ordinarily files an appeal when he is asked to do so. Without holding an evidentiary hearing, the district court denied Franco's motion, finding "Hug's version of facts more credible." According to the court, "[t]he defendant pleaded guilty voluntarily, and the court informed him of the rights he surrendered by doing so . . . . The defendant had little reason to appeal as he had nothing to gain and had given up certain rights, including the right to challenge the lawfulness of the evidence against him." On that basis, "the court credit[ed] [Hug's] story, and discredit[ed] [Franco's]."

## II. *Discussion*

On appeal, Franco contends that the district court erred by making a credibility finding based on only an affidavit battle, without holding an evidentiary hearing. The government avers that Hug's affidavit "provides specific details as to when he spoke to Franco about Franco's right to appeal and the merits of filing an appeal" and that he "further averred that when a client requests him to file an appeal, he does so, regardless of whether the appeal has any merits." The government characterizes Franco's affidavit as providing "only self-serving, self-contradicting statements." On that basis, the government asserts that the court need not conduct an evidentiary hearing.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (quoting 28 U.S.C. § 2255(b)). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (quotation and citation omitted). "We review the district court's decision not to hold an evidentiary hearing for an abuse of discretion." *Id.* (citation omitted).

"Where petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record 'affirmatively refutes the factual assertions upon which [the claim] is based.'" *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) (quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)). It is undisputed that Hug did not file a notice of appeal on Franco's behalf. If Franco directed Hug to file an appeal, then Hug's failure to appeal amounts to ineffective assistance of counsel. *See Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) ("[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary.").

In *Watson*, a criminal defendant pleaded guilty to the charges against him and waived some—but not all—rights to appeal. *Watson*, 493 F.3d at 961–62. Some months after sentencing, he complained via a § 2255 petition that he had instructed his attorneys to file a notice of appeal and that they had failed to do so. *Id.* at 962. While Watson's factual assertion was unchallenged, the district court characterized his claim as a "'bare assertion' which was insufficient to entitle him to relief or to a further inquiry." *Id.* We reversed, holding that "[a]lthough the district court was not required to credit Watson's assertion, *see Barger*, 204 F.3d at 1182, it was required to hold a hearing before making factual determinations about Watson's credibility." *Id.* at 964.

In *Koskela v. United States*, the defendant complained that trial counsel did not present an alibi defense or subpoena witnesses who would have supported that defense, despite the defendant's instructions to do so. 235 F.3d 1148, 1149 (8th Cir. 2001). The defendant submitted an affidavit stating his claim, as well as affidavits of the proposed witnesses who would have supported his alibi. *Id.* The government responded with an affidavit from his trial counsel, averring that the defendant had told him a different version of events and had never mentioned the names of potential alibi witnesses. *Id.* "The District Court concluded, without an evidentiary hearing, that the [defendant's] affidavits lacked credibility in the face of the government's pleadings and affidavits, and in any event did not undermine the Court's confidence in the trial outcome." *Id.* We reversed, holding that "[b]ecause the record before the District Court contained sharply conflicting evidence, the Court abused its discretion in finding a hearing unnecessary." *Id.*

In this case, neither Hug's nor Franco's affidavit is, on its face, more credible than the other. The government contends that Hug's affidavit "provides specific details as to when [Hug] spoke to Franco about Franco's right to appeal and the merits of filing an appeal" and implies that Franco's affidavit does not. Contrary to the government's characterization, the two affidavits contain similar specificity as to

when these alleged conversations took place (or did not take place). Hug averred that "[a]fter the sentencing hearing and after Mr. Franco had been informed of his right to appeal, [Hug] spoke with Mr. Franco about the merits of an appeal." Franco averred that "after sentencing, [the court] apprised [Franco] of [Franco's] right to appeal. [Franco] unequivocally requested defense attorney, Jerry M. Hug, to *timely* 'notice an appeal,'" and later stated that "Mr. Hug, never at anytime consulted with [Franco] about the advantages or disadvantages of an appeal to make a reasonable effort to discover [Franco's] wishes on appeal."[1]

Hug's affidavit states that he "do[es] not recall" Franco requesting an appeal, that he had no written request in the case file, and that he "do[es] not recall ever receiving one." Hug further stated that he files an appeal when a client requests that he do so, concluding that "[h]ad Mr. Franco, at any time, requested that I file an appeal in his case, I would have done so." Hug thus simply asserted that he ordinarily does what a constitutionally competent attorney would do. Hug's affidavit could be completely true as to what he ordinarily does, and yet still not entirely refute Franco's claim. Hug's inability to recall having been asked to file an appeal and his typical practice do not indisputably prove that Franco did not ask him to file an appeal in this particular case. Thus, Hug's affidavit is insufficient to "affirmatively refute[ ] the factual assertions upon which [Franco's claim] is based." *See Watson*, 493 F.3d at 964.

Here, the district court received conflicting affidavits and announced that one was more credible than the other. On this record, making a factual determination based on the relative credibility of Hug and Franco without the benefit of an evidentiary hearing was an abuse of discretion.

---

[1]The government characterizes these statements as "self-contradictory." We disagree. It is certainly plausible that a defendant would request an appeal without his attorney counseling him about the merits of an appeal.

### III. *Conclusion*

We vacate the order of the district court and remand the case for an evidentiary hearing on whether Franco requested that Hug file an appeal.

_____