# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3794
_____

United States of America

*Plaintiff - Appellee*

v.

Stacey Sellner

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: October 9, 2014
Filed: December 15, 2014
_____

Before RILEY, Chief Judge, WOLLMAN and BYE, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Federal prisoner Stacey Sellner filed a *pro se* motion to vacate her conviction pursuant to 28 U.S.C. § 2255, alleging that her attorney had failed to file a notice of appeal as requested. Before the district court ruled on that motion, Sellner filed another § 2255 motion raising a different claim. The district court dismissed Sellner's first § 2255 motion on the merits without an evidentiary hearing and dismissed her second motion as "second or successive." We reverse and remand.

I.

Sellner pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Judgment was entered on March 8, 2013. Her attorney did not file a notice of appeal.

In July 2013, Sellner filed a *pro se* motion to vacate her sentence pursuant to 28 U.S.C. § 2255, alleging four grounds of ineffective assistance of counsel, including counsel's failure to file a notice of appeal as requested. In a written statement, Sellner alleged that following sentencing she told her attorney that she "wanted him to appeal," but that her attorney responded that there was nothing he could do. Sellner's attorney submitted an affidavit in response, stating that when Sellner asked him about filing an appeal, he told her that he would file an appeal if she insisted, but that Sellner decided to forgo an appeal after counsel explained to Sellner that she had waived her right to appeal.

In November 2013, Sellner filed another *pro se* § 2255 motion, alleging a violation under Alleyne v. United States, 133 S. Ct. 2151 (2013). Thereafter, the district court dismissed the July § 2255 motion on the merits without an evidentiary hearing and the November § 2255 motion as barred by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) as "second or successive." The district court granted a certificate of appealability on both motions.

On appeal, Sellner argues that the district court should have held an evidentiary hearing before ruling on her July 2013 claim of ineffective assistance of counsel for failing to file a notice of appeal and that her November § 2255 motion should have been construed as a motion to amend her July § 2255 motion. At oral argument, the government conceded that the case should be remanded for an evidentiary hearing on the claim of failure to file a notice of appeal and suggested that we remand the entire case for the sake of judicial economy.

II.

We review the denial of an evidentiary hearing for abuse of discretion. Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013). "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." Id. "The district court is not permitted to make a credibility determination on the affidavits alone." Id. at 1206. It may, however, deny an evidentiary hearing if "(1) the [petitioner's] allegations, accepted as true, would not entitle the [petitioner] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Id. at 1206-07 (alterations in original) (quoting Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006)).

An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required. Watson v. United States, 493 F.3d 960, 963-64 (8th Cir. 2007) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477, 483-84 (2000)). Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so. Id. at 964. As recounted above, Sellner alleges that she informed her attorney that she "wanted . . . to appeal." Sellner's attorney's conflicting affidavit states that Sellner decided not to appeal.

We recently addressed a similar situation in Franco v. United States, 762 F.3d 761 (8th Cir. 2014). In Franco, the petitioner submitted an affidavit claiming that his attorney did not explain to him the advantages and disadvantages of appealing and that he had asked his attorney to file a notice of appeal, but his attorney failed to do so. Id. at 764. In contrast, the attorney stated in an affidavit that he had consulted with the petitioner regarding the merits of an appeal, that he did not recall the

petitioner requesting an appeal, and that he always filed an appeal when one was requested. Id. We held that the district court abused its discretion when it credited the attorney's affidavit over the petitioner's without first holding an evidentiary hearing. Id. at 765.

As in Franco, Sellner's written statement is just as credible on its face as her attorney's affidavit. Sellner asserted that after sentencing, she tried to ask her attorney about an appeal, but he refused to discuss the matter with her. She further averred that she told her attorney that she "wanted . . . to appeal," but he responded that there was nothing he could do. As in Franco, Sellner's written statement is not self-contradictory and it contains "similar specificity" as her attorney's affidavit regarding "when these alleged conversations took place (or did not take place)." Id. at 764. In the absence of an evidentiary hearing, Sellner's counsel's statement that Sellner agreed not to file an appeal is insufficient to support a finding that Sellner's allegations cannot be accepted as true. See Koskela v. United States, 235 F.3d 1148, 1149 (8th Cir. 2001) (holding that the district court abused its discretion by dismissing the petitioner's § 2255 motion without an evidentiary hearing when the petitioner attested that he told his attorney to subpoena three alibi witnesses, and the attorney submitted an affidavit denying that the petitioner made such a request). Thus, the district court abused its discretion when it dismissed Sellner's claim of ineffective assistance of counsel based on her counsel's failure to file a notice of appeal.

## III.

Under AEDPA, a federal prisoner must receive certification from the court of appeals to file a "second or successive" § 2255 motion. 28 U.S.C. § 2255(h). AEDPA does not define "second or successive," but we have recognized that not every § 2255 motion filed second in time requires certification. See DeRoo v. United States, 709 F.3d 1242, 1244 (8th Cir. 2013) (holding that a petitioner's § 2255 motion

presenting claims that had not yet arisen at the time of his first § 2255 motion was not "second or successive" for purposes of AEDPA); Flores v. United States, No. 97-8080, 1997 WL 525596, at *1 (8th Cir. Aug. 26, 1997) (per curiam) (unpublished) (holding that a petitioner's § 2255 motion filed after a prior motion had been dismissed without prejudice did not qualify as "second or successive"); see also Castro v. United States, 540 U.S. 375, 383 (2003) (holding that when a court recharacterizes a motion filed by a *pro se* petitioner as a § 2255 motion without warning, a subsequent § 2255 motion filed by petitioner is not "second or successive"). Whether a § 2255 motion is "second or successive" under AEDPA is a question of law that we review *de novo*. See Williams v. Norris, 461 F.3d 999, 1001 (8th Cir. 2006).

Sellner argues that her *pro se* November § 2255 motion should have been construed as a motion to amend her July § 2255 motion. Federal Rule of Civil Procedure 15(a) governs requests to amend § 2255 motions before the district court enters judgment. United States v. Harrison, 469 F.3d 1216, 1217 (8th Cir. 2006). A party may amend with the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Motions to amend filed before the district court renders judgment are not barred by AEDPA as "second or successive." Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999); see also Harrison, 469 F.3d at 1217 (implying that motions to amend § 2255 motions still pending before the district court are not barred by AEDPA).

We have not previously addressed whether a *pro se* § 2255 motion, filed before a ruling on the petitioner's first § 2255 motion, is barred by AEDPA as "second or successive," or whether the second motion should instead be construed as a motion to amend. In Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002), the Second Circuit held that "when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." Writing for the court,

then-Judge Sotomayor reasoned that for a § 2255 motion to be "second or successive" for purposes of AEDPA, there must be some first § 2255 motion that was adjudicated on the merits or dismissed with prejudice. Id. Similarly, in Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008), the Ninth Circuit, relying on Ching, held that when a *pro se* petitioner files a second § 2254 motion before the district court rules on the petitioner's first § 2254 motion, the second motion should be construed as a motion to amend the first. The Ninth Circuit emphasized that *pro se* motions are to be construed liberally and that if the petitioner had been represented by counsel, then the second § 2254 motion certainly would have been filed as a motion to amend. Id. The Eleventh Circuit reached a similar conclusion in United States v. Williams, 185 F. App'x 917, 919 (11th Cir. 2006) (per curiam). In Williams, the *pro se* petitioners filed a "Motion for Determination of Federal Jurisdiction" while their first § 2255 motion was still pending before the district court. Id. at 918. Although the petitioners denied that their second motion was filed pursuant to § 2255, the Eleventh Circuit held that only § 2255 could offer them the relief they sought. Id. at 918-19. Relying on Ching, the Eleventh Circuit held that "[a]s their § 2255 motion was still pending, their subsequent motion should not have been considered a successive § 2255 motion, but instead a motion to amend their § 2255 motion." Id. at 919.

We now join our sister circuits and hold that when a *pro se* petitioner files a second § 2255 motion while her first § 2255 motion is still pending before the district court, the second motion is not barred by AEDPA and should be construed as a motion to amend. "A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Furthermore, "[a] key factor in determining whether a petition should be considered 'second or successive' is whether a prior petition has been adjudicated on the merits." Nims v. Ault, 251 F.3d 698, 704-05 (8th Cir. 2001) (Bye, J., dissenting) (citing Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000); Johnson, 196 F.3d at 805); see also United States v. Gonzalez-Rivera, 535 F. App'x 95, 96 (3d Cir. 2013) (per curiam); Clark v. United States, 764 F.3d 653, 658-60 (6th Cir. 2014).

At the time Sellner filed her November § 2255 motion, her July § 2255 motion had not been adjudicated on the merits or dismissed with prejudice. Thus, her November § 2255 motion should not have been dismissed as "second or successive" but instead should have been liberally construed as a motion to amend her July § 2255 motion.

## IV.

We reverse and remand for an evidentiary hearing the issue whether Sellner requested that her attorney appeal, and we direct the district court to construe the November § 2255 motion as a motion to amend the July § 2255 motion.

_____