# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1612
_____

Teresa Witthar

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 17, 2015
Filed: July 17, 2015
[Published]

_____

Before WOLLMAN and GRUENDER, Circuit Judges, and GRITZNER,[1] District
Judge.

_____

PER CURIAM.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the
Southern District of Iowa, sitting by designation.

Teresa Witthar petitioned for relief under 28 U.S.C. § 2255, arguing that she was denied effective assistance of counsel when her attorney failed to file a requested notice of appeal. The district court denied Witthar's petition on the merits without an evidentiary hearing. We reverse and remand.

Witthar pleaded guilty to conspiracy against rights, obstruction of justice, and interference with fair housing rights. *See* 18 U.S.C. §§ 241, 1512(b)(1); 42 U.S.C. § 3631. In her plea agreement, Witthar waived her right to appeal or collaterally attack a finding of guilt. She further waived her right to appeal or collaterally attack her sentence on any ground except: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) a sentence imposed in excess of the statutory maximum, or (4) an illegal sentence. In exchange, the Government agreed to advocate for a sentence at the bottom of her advisory guidelines range, to dismiss the four other counts of the indictment, and to refrain from bringing additional charges related to her crimes. The district court sentenced Witthar to 63 months' imprisonment, a sentence at the bottom of her advisory guidelines range. No appeal followed.

Eleven months later, Witthar filed a *pro se* petition under 28 U.S.C. § 2255, alleging, among other claims of ineffective assistance of counsel, that her attorney had failed to file a requested notice of appeal. Witthar claimed that she had asked her attorney to file an appeal after sentencing, but he "refused" to speak with her about it and "said he was finished with [her] case and that was it." The district court ordered the Government to show cause why relief should not be granted, and, in response, the Government submitted an affidavit from Witthar's attorney stating that Witthar had not asked him to file an appeal. The Government also argued that Witthar's petition was factually deficient because it presented only conclusory allegations. *See Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). The district court denied Witthar's § 2255 failure-to-appeal claim without conducting an evidentiary hearing because it found that Witthar's "bare, conclusory allegations" did

not entitle her to relief. The court denied relief on her other ineffective assistance of counsel claims either because they were precluded by her waiver of collateral attack or because she did not make the required showing of deficient performance and prejudice.

Before us, Witthar challenges only the district court's resolution of her claim regarding counsel's failure to file the requested appeal. She contends that the court erred by denying relief without holding an evidentiary hearing. "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013), *cert. denied*, 572 U.S. ---, 134 S. Ct. 2323 (2014). A petitioner "is entitled to an evidentiary hearing . . . unless 'the motion and the files and the records of the case conclusively show that [she] is entitled to no relief.'" *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (quoting 28 U.S.C. § 2255(b)). "We review a district court's decision to deny an evidentiary hearing for abuse of discretion; however, we are obligated 'to look behind that discretionary decision to the court's rejection of the claim on its merits, which is a legal conclusion that we review de novo.'" *Thomas*, 737 F.3d at 1206 (quoting *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010)).

When a petitioner claims ineffective assistance of counsel, she generally must establish: (1) that her counsel's performance "fell below an objective standard of reasonableness" and (2) that she suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). An attorney's failure to file a requested appeal automatically satisfies the deficient-performance prong of *Strickland* because it is "professionally unreasonable." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)). "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel," and counsel's "failure to file reflects inattention to the defendant's

-3-

wishes." *Flores-Ortega*, 528 U.S. at 477. And if an attorney fails to honor this request, the defendant forfeits her right to an appellate proceeding. *Id.* at 483.

No showing of prejudice is required in this unique circumstance. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (noting that "no inquiry into prejudice or likely success on appeal [is] necessary"). An attorney's failure to file a requested appeal amounts to the denial of counsel's assistance at a critical stage of the judicial proceeding. *United States v. Cronic*, 466 U.S. 648, 659 (1984). And when a defendant is denied, either actually or constructively, such assistance, "'the adversary process itself [is] presumptively unreliable.'" *Flores-Ortega*, 528 U.S. at 483 (alteration in original) (quoting *Cronic*, 466 U.S. at 659). The court thus does not require an affirmative showing on the second prong of *Strickland*. Instead, prejudice is presumed. *Id.*

Like many of our sister circuits, we extend the presumption of prejudice even to cases in which the petitioner has waived her right to appeal. *Watson*, 493 F.3d at 960;[2] *accord Campbell v. United States*, 686 F.3d 353, 357-60 (6th Cir. 2012); *United States v. Poindexter*, 492 F.3d 263, 268-69 (4th Cir. 2007); *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007); *Campusano v. United States*, 442 F.3d 770, 772-77 (2d Cir. 2006); *Gomez-Diaz v. United States*, 433 F.3d 788, 791-94 (11th Cir. 2005); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1195-99 (9th Cir. 2005); *United States v. Garrett*, 402 F.3d 1262, 1265-67 (10th Cir. 2005). We have reasoned that "[t]he 'limited perspective of collateral review' is not the appropriate vantage point from which to assess whether [a petitioner] might have any meritorious issues that can be raised on appeal in spite of [a] waiver." *Watson*, 493 F.3d at 964 (quoting *Garrett*, 402 F.3d at 1267). Accordingly, if the evidence shows that a petitioner

---

[2]Though the Government in *Watson* conceded that the case should be remanded to the district court for an evidentiary hearing, we did not rely on this concession in extending the presumption of prejudice. *Watson*, 493 F.3d at 963-64. Instead, we evaluated the arguments and reached a conclusion independent of this concession.

asked counsel to appeal and counsel refused, the petitioner is entitled to relief, even if she has waived that appellate right. *Id.*

The district court denied Witthar § 2255 relief without a hearing because it determined that Witthar raised only bare allegations of deficient performance, and the court noted that the affidavit submitted by Witthar's trial counsel disputed her claims. *See Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) ("[A] claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."). We disagree with the court's determination.

As an initial matter, the district court erred when it held that Witthar's claim was inadequate on its face. Witthar's verified *pro se* petition set forth the necessary elements of her ineffective assistance of counsel claim: (1) she instructed her trial attorney to file an appeal and (2) he failed to do so. Because failure to file a requested appeal is deficient performance and because we presume prejudice, these allegations alone generally are sufficient to warrant a hearing. *See Watson*, 493 F.3d at 964; *Barger*, 204 F.3d at 1181-82 ("[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary."). And the district court had only the contradictory affidavit from Witthar's attorney to discredit her allegations.

When a district court receives conflicting statements—one from a § 2255 petitioner and one from her former counsel—the court cannot "mak[e] a factual determination based on the relative credibility of [these individuals] without the benefit of an evidentiary hearing." *Franco v. United States*, 762 F.3d 761, 765 (8th Cir. 2014). If neither statement is facially incredible and both contain "similar specificity" regarding when the alleged appeal-request conversations "took place (or did not take place)," *id.* at 764-65, counsel's contrary statement simply "is insufficient

to support a finding that [the petitioner's] allegations cannot be accepted as true." *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014). Judged by this standard, Witthar's sworn statement sufficed to warrant a hearing. In her petition, Witthar said that she "asked [her] attorney to file an appeal for [her]," but he "refused . . . . [and] said he was finished with [her] case and that was it." This statement is neither self-contradictory nor any less facially credible than her attorney's account of why no appeal was filed. In addition, Witthar provided some information regarding when the relevant conversation took place, noting that she discussed the matter with her attorney "after [she] was sentenced." Her attorney simply denied that such a conversation occurred. These two statements contain similar specificity. *See Sellner*, 773 F.3d at 929-30 (finding similar specificity when a petitioner alleged that she requested an appeal following sentencing and her attorney said the petitioner had decided to forego appeal);[3] *Franco*, 762 F.3d at 764-65 (finding similar specificity when a petitioner alleged that he requested an appeal "after sentencing" and the attorney said he did not recall receiving this request). Because Witthar's allegations, if true, amounted to ineffective assistance of counsel, there existed a factual dispute on a critical issue. The district court thus abused its discretion by denying her relief without a hearing. *See Sellner*, 773 F.3d at 930.

For the foregoing reasons, we vacate the order of the district court and remand for an evidentiary hearing.[4]

---

[3]In *Sellner*, the Government conceded at oral argument that the case should be remanded for an evidentiary hearing. 773 F.3d at 929. Without relying on this concession, we determined that the district court abused its discretion by denying relief without a hearing. *Id.* at 930.

[4]The Government has moved to strike a letter that allegedly supports Witthar's claim that she instructed her attorney to appeal. Witthar submitted this evidence to our court along with her reply brief. We grant the Government's motion to strike and note that we did not rely on this evidence in reaching our conclusion. *See Schaffart v. ONEOK, Inc.*, 686 F.3d 461, 470 (8th Cir. 2012) (refusing to consider new

GRUENDER, Circuit Judge, concurring.

In light of our precedent, I concur. I write separately, however, because I agree with the two circuits that hold that the presumption of prejudice is inappropriate when a defendant has agreed to waive some or all of her appellate or collateral-review rights. *See Nunez v. United States*, 546 F.3d 450 (7th Cir. 2008); *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008). In these situations, I instead would apply the traditional framework from *Strickland v. Washington*, 466 U.S. 668 (1984), and require some affirmative showing of prejudice.

As the court explains, we presume prejudice despite waivers because we have concluded that this presumption is the logical extension of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007). *Flores-Ortega*, however, "did not address whether this [presumed-prejudice] principle has any force, let alone controls, where the defendant has *waived* [her] right to appellate and collateral review." *Mabry*, 536 F.3d at 240. And, were I writing on a blank slate, I would conclude that the *Flores-Ortega* principle should not extend so far.

The rationale for the blanket presumption of prejudice announced in *Flores-Ortega* makes little sense when a defendant has waived some or all of her appellate or collateral-review rights. In *Flores-Oretga*, the Court emphasized that counsel's failure to file a requested notice of appeal deprived the defendant of an "entire judicial proceeding," namely, review by an appellate court. 528 U.S. at 483. In a waiver case, however, it is not counsel but the defendant who forfeits the right to

_____

evidence submitted on appeal when the evidence did "not provide any additional support for the [submitting party's] arguments, and no injustice [was] done by [its] omission").

-7-

meaningful appellate review. This is so because when a defendant has knowingly and intelligently waived this right, our court enforces the waiver unless a miscarriage of justice would result. *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc). We thus routinely dismiss appeals based on waived grounds.

Because we dismiss these appeals, the presumption of prejudice is overly protective. After all, a defendant generally has nothing to gain by filing an appeal on a waived ground. She does, however, have something to lose. *See Nunez*, 546 F.3d at 455 (noting that the unfiled appeal in *Flores-Ortega* was one in which the defendant could "gain but *not* lose" (emphasis added)). In many plea agreements, the Government makes concessions in exchange for a defendant's guilty plea and related waivers, such as dismissing counts or agreeing not to bring additional charges. A defendant's breach of the promise not to appeal or seek collateral review places the Government's concessions in jeopardy. The Government could seek to reinstate dismissed counts or bring additional charges related to the defendant's underlying acts. *See United States v. Britt*, 917 F.2d 353, 356-59 (8th Cir. 1990) (finding no Double Jeopardy Clause violation when, following a defendant's breach of a plea agreement, the court set aside the defendant's guilty plea and the Government filed more serious charges). In addition, bringing a waived appeal or collateral attack could demonstrate to the court that the defendant has not accepted responsibility and thereby allow the court to rescind a sentencing-guidelines reduction under USSG § 3E1.1. *Nunez*, 546 F.3d at 455. It defies logic to presume prejudice when counsel's failure to pursue a futile appeal spares his client these negative potential consequences. *See id.* at 455-56.

Even circuits that presume prejudice despite an appeal waiver acknowledge this absurdity and the inevitable waste of time that follows. *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007) ("[M]ost successful § 2255 movants in the appeal waiver situation obtain little more than an opportunity to lose at a later date."); *Campusano v. United States*, 442 F.3d 770, 777 (2d Cir. 2006) ("Admittedly,

-8-

applying the *Flores-Ortega* presumption to post-waiver situations will bestow on most defendants nothing more than an opportunity to lose."); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196 (9th Cir. 2005) (referring to this application as "contrary to common sense"). In light of this situation, I would decline to presume prejudice and instead require the petitioner who has waived these rights to make a traditional prejudice showing as outlined in *Strickland*.

A defendant who has waived the right to appeal or seek collateral review could demonstrate prejudice in several ways. For instance, she could show that her appeal would not have been dismissed because her waiver was not knowing or voluntary. *See Andis*, 333 F.3d at 890. Or she could demonstrate that a miscarriage of justice would have resulted from waiver enforcement. *See id.* at 891. In addition, she could identify some basis for her requested appeal that falls outside the scope of her waiver. *See id.* at 890. If the defendant alleges any of these circumstances, the court likely would need to conduct a hearing. *See Roundtree v. United States*, 751 F.3d 923, 926 (8th Cir. 2014) (noting that a district court is required to hold an evidentiary hearing regarding an ineffective-assistance claim unless the record conclusively establishes either that counsel did not perform deficiently or that the defendant suffered no prejudice as a result).

Judged by this proposed standard, Witthar's allegations did not entitle her to a hearing. She alleged no prejudice from her trial attorney's failure to file the requested appeal. She did not dispute that her appeal waiver was knowing and voluntary, nor did she suggest that its enforcement would result in a miscarriage of justice. And she did not allege that the requested appeal would have challenged her sentence on one of the four preserved bases: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) a sentence imposed in excess of the statutory maximum, or (4) an illegal sentence. As the district court observed, Witthar's § 2255 petition did not identify any ground for her requested appeal. Indeed, Witthar has not identified a single nonfrivolous ground for the requested appeal in any of her filings.

-9-

And Witthar, like many appeal-waiver defendants, had much to lose. Both the plain language of her plea agreement and our precedent show that the Government could have filed additional charges or attempted to reinstate the four dismissed counts. Were a new sentencing hearing to occur, the Government could have refused to advocate for a term of imprisonment at the bottom of her guidelines range, and the court could have denied Witthar an offense-level reduction for acceptance of responsibility. In contrast, Witthar likely had nothing to gain: a summary dismissal almost certainly would have followed her appeal on a waived basis. Were I unencumbered by precedent, I would not presume prejudice on this record.[5]

---

[5]I leave for another day the question whether trial counsel's performance should be regarded as *per se* deficient if he declines to a file a requested appeal on a waived ground in an attempt to preserve the benefits of the plea agreement for his client. *Cf. Nunez*, 546 F.3d at 453-56. The facts of this case do not lend themselves to this analysis.