# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1961

_____

Ronnie L. Hankins

*Plaintiff - Appellant*

v.

Terry Russell, Warden, ERDCC, Individually and Officially; Corizon Medical
Services, Inc.; Tonya M. Long, Doctor, Individually; Marvin H. Bohnenkamp,
Individually; Mark F. Bradshaw, Individually

*Defendants - Appellees*

Shanta Pribble, Nurse; David Mullen, Medical Director; Todd Renshaw, Assistant
Director of Nursing; Ernest Jackson, Missouri Director of Dental Services of
Corrections; Joe Hoffmeister, Deputy Warden; Stan Jackson, Assistant Warden

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 30, 2016
Filed: August 8, 2016
[Unpublished]

_____

Before LOKEN, BYE, and KELLY, Circuit Judges.[1]

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Missouri inmate Ronnie Hankins appeals the district court's adverse discovery rulings, denial of the appointment of counsel, and grant of summary judgment on his Eighth Amendment deliberate-indifference claims. In his verified amended complaint, Hankins—an inmate at the Eastern Reception Diagnostic and Correction Center (ERDCC)—named the ERDCC warden, Corizon Medical Services, and Corizon employee-dentists Tonya Long, Marvin Bohnenkamp, and Mark Bradshaw as defendants. According to Hankins, the defendants had purposefully, or with deliberate indifference, provided him constitutionally inadequate dental care by denying and delaying treatment, performing inappropriate treatment, and wantonly inflicting unnecessary pain, permanent damage, and injury.

After having reviewed the record de novo, and in the light most favorable to Hankins, we conclude, for the reasons stated by the district court, that there is no genuine issue as to any material fact with regard to Hankins's claims against the ERDCC warden or Corizon Medical Services and that both of those defendants are entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). Therefore, we affirm the dismissal of the claims against those defendants. See 8th Cir. R. 47B. We further conclude that the district court did not abuse its discretion in denying Hankins's motion for appointment of counsel, see Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006) (there is no constitutional or statutory right to appointed counsel in civil cases and our review of the denial of appointed counsel is for an abuse of discretion), or in denying Hankins's Rule 56(d) motion, see Toben v.

_____

[1]This opinion is being filed by Judge Loken and Judge Kelly pursuant to 8th Cir. Rule 47E.

Bridgestone Retail Operations, LLC, 751 F.3d 888, 894–95 (8th Cir. 2014) (a district court has wide discretion in ruling on Rule 56(d) motions and our review is for an abuse of discretion).  Finally, we conclude that the district court did not grossly abuse its discretion in denying Hankins's motion to compel.  See Kilpatrick v. King, 499 F.3d 759, 766 (8th Cir. 2007) ("We review the denial of a motion to compel discovery for gross abuse of discretion.").

As for Hankins's claim that the Corizon employee-dentists, Drs. Long, Bohnenkamp, and Bradshaw, "left bone fragments" in his lower gum or "inserted foreign objects" there, we conclude, based on the record presented, that those defendants did not meet their burden as summary judgment movants.  See Carrington v. City of Des Moines, 481 F.3d 1046, 1050–51 (8th Cir. 2007) (moving parties carry ultimate burden to prove there are no material facts in dispute at summary judgment stage).  Hankins submitted a verified complaint alleging this claim, see Davis v. Jefferson Hosp. Ass'n, 685 F.3d 675, 682 (8th Cir. 2012) (verified complaint is equivalent of affidavit for summary judgment purposes), and submitted an affidavit of an ERDCC inmate who attested that, based on his own observations, Hankins had "some kind of objects in his lower gum that should not be in his gum, that can be seen with the naked eye."  The exhibits and testimony these defendants offered in support of their motion for summary judgment—grievance documents containing only unverified statements, incomplete computerized medical records that end well before Hankins filed his original complaint, and Hankins's deposition testimony, which was consistent with his complaint allegations—are insufficient to prove that no material issues of fact remain.  Hankins's description of his dental condition may not be artful, but a fair reading of his complaint suggests that he has alleged a legitimate medical claim, and these defendants have not met their burden to warrant dismissal of that claim at summary judgment.  See United States v. Sellner, 773 F.3d 927, 932 (8th Cir. 2014) ("A document filed *pro se* is 'to be liberally construed.'") (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

-3-

Accordingly, we conclude that the district court erred in granting summary judgment to Drs. Long, Bohnenkamp, and Bradshaw on Hankins' "foreign-objects" claim but affirm as to all other issues raised on appeal. Hankins's motion for injunctive relief filed in this court is denied. We remand for further proceedings consistent with this opinion.

_____