[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12684
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-03929-RWS-ECS

WASEEM DAKER,

Petitioner - Appellant,

versus

ROBERT TOOLE, Warden,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 31, 2018)

Before WILLIAM PRYOR, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Waseem Daker appeals the district court's *sua sponte* dismissal of his habeas corpus petition. For the reasons which follow, we vacate the dismissal and remand for further proceedings.[1]

## I

In 2010, a Georgia jury convicted Mr. Daker of several crimes, including murder. The trial court sentenced Mr. Daker to a prison term of life plus 47.5 years. Although he was already no stranger to prosecuting lawsuits in courts both state and federal at that time, since his conviction Mr. Daker has become a veritable regular. Mr. Daker has primarily brought a variety of civil rights complaints but has also, most relevant here, filed several habeas corpus actions in federal court seeking relief from his 2010 conviction and sentence. *See* 28 U.S.C. § 2254.

In our review of Mr. Daker's habeas corpus proceedings to date, Mr. Daker has come out looking somewhat like Mr. Magoo, wreaking havoc wherever he goes but so far coming out largely unscathed. Notwithstanding our oft-stated "strong preference that cases be heard on the merits" so that every "litigant [has] his or her day in court," *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014), Mr. Daker has not made it easy for the district court to reach the merits of

---

[1] Mr. Daker's motion to correct his brief is granted. Mr. Daker's motion to file an addendum to his appendix is denied.

his claims. Instead, he has flooded the district court (and this Court) with numerous disputes (regarding matters including his IFP status, various motions to recuse, various motions for reconsideration, and requests for release on his own recognizance).

By our count, Mr. Daker has filed four proceedings under § 2254 in the district court. Stemming from those four proceedings, he has filed 14 appeals in this Court.[2]

In the first district court habeas case, No. 1:13-cv-1554, filed in May of 2013, the district court initially dismissed the action (having denied Mr. Daker's application to proceed IFP) for failure to pay the filing fee in June of 2014. Mr. Daker maintained a successful appeal to this Court. In our opinion, issued in May of 2016, we concluded that Mr. Daker had paid the filing fee and that, accordingly, the district court had erred in dismissing his habeas petition. In October of 2016, shortly after we had remanded the case, the district court consolidated this action with a second habeas petition, No. 1:14-cv-03180. In November of 2016, the district court dismissed the consolidated action (and thus effectively both habeas

---

[2] The § 2254 cases opened in the district court are: *Daker v. Humphrey*, No. 1:13-cv-01554-RWS; *Daker v. Warren*, No. 1:14-cv-03180-RWS; *Daker v. Toole*, No. 1:14-cv-03929-RWS; and *Daker v. Allen*, No. 1:16-cv-04501-RWS-CMS. Mr. Daker's appeals from these § 2254 cases are: from Case No. 13-cv-1554 -- Nos. 14-13057, 15-14275, 16-17458; from Case No. 14-cv-3180 -- Nos. 14-15146, 15-14272, 16-16916, 16-17459, 17-11121, 17-14481, and 17-15780; and from Case No. 14-cv-3929 -- Nos. 15-12684 (this case), 15-14264, and 17-14423.

3

cases) without prejudice based on Mr. Daker's ongoing failure to comply with the district court's instructions in that matter.

In the third habeas case, No. 1:14-cv-3929, filed in December of 2014, and from which this appeal lies, the district court *sua sponte* dismissed the petition in May of 2015. It did so because of Mr. Daker's failure to pay the filing fee and because, on the reasoning that Case No. 1:14-cv-3180 was then ongoing, the third action was "second or successive."

Mr. Daker filed the fourth and last habeas case, No. 1:16-cv-4501, in December of 2016.  This case, as far as we can tell, remains active.

In this appeal, Mr. Daker challenges the dismissal of his third habeas action, No. 1:14-cv-3929.

## II

At the time the district court dismissed the habeas petition in this case, the consolidated action containing Mr. Daker's two initial habeas petitions was ongoing.  We agree with other federal courts of appeals which have held that, "where a new pro se petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application."  *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (citing *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002)).  *Accord Clark v. United States*, 764 F.3d 653, 659 (6th Cir. 2014); *Johnson*

4

*v. United States*, 196 F.3d 802, 805 (7th Cir. 1999); *United States v. Sellner*, 773 F.3d 927, 931-32 (8th Cir. 2014); Brian R. Means, *Federal Habeas Manual* § 11:41 (May 2017 update).[3]

Consequently, it was error for the district court to dismiss this third habeas action as a second or successive petition. We remand and instruct the district court to treat this third action as a motion to amend and/or supplement the original consolidated petition. If that motion to amend is granted, the district court may need to address whether the amendment should relate back under cases like *Mayle v. Felix*, 545 U.S. 644 (2005).

## III

In this third habeas action, Mr. Daker filed a motion to recuse pursuant to 28 U.S.C. § 455(a). The district court, after dismissing the action, denied the motion to recuse as moot. This too was error, because if it turns out that recusal is warranted, the district court generally is not allowed to take any further action concerning the merits. *See generally El Fenix de Puerto Rico v. M/Y Johanny*, 36 F.3d 136, 141 (1st Cir. 1996) (citing cases and authorities). On remand the district

---

[3] Mr. Daker moved to proceed in forma pauperis in this third action. The district court, as noted, denied that request.

It appears that Mr. Daker has paid the $5.00 filing fee for the initial and consolidated habeas action. If that is so, the district court will need to determine on remand whether this third action, as a proposed amendment to the initial and consolidated action, constitutes the institution of a new civil action within the meaning of 28 U.S.C. § 1914(a). *Cf. Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006).

court should rule on the motion for recusal before taking any other action related to the merits.

## IV

We vacate the district court's order of dismissal and remand this matter for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**