# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3254
_____

Sidney Britt

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: June 14, 2022
Filed: July 15, 2022
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Sidney Britt pleaded guilty and was sentenced pursuant to an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). He then moved to vacate his sentence under 28 U.S.C. § 2255 based on multiple allegations of ineffective assistance of counsel. The district court denied the motion in all regards except one: Britt's claim that his attorney, Clarence Mock, had disregarded Britt's instruction to

file a notice of appeal.  *See United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("[F]ailure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel . . . [e]ven if the client waived his right to appeal as part of a plea agreement.").  The district court referred this issue to a magistrate judge for an evidentiary hearing.

At the evidentiary hearing, Britt testified that he told Mock before entering the plea agreement that he wanted to maintain his right to appeal; Mock told him he could appeal after sentencing; he instructed Mock before sentencing to "put together any arguments" to contest his sentence if the district court entered the agreed sentence; he believed, at the time of his sentencing, that Mock planned to file a notice of appeal; and he called Mock's office after sentencing to check on the progress of the appeal only to be informed by Mock's office staff that there was no appeal and that Mock no longer represented him.  Mock testified that Britt never instructed him to file a notice of appeal; Britt never informed him of a desire to appeal if the district court entered the agreed sentence; Britt called his office only to request a transcript and did not mention any appeal; and Mock would have filed a notice of appeal had Britt instructed him to do so, notwithstanding Britt's waiver of appeal.

The magistrate judge entered a finding and recommendation on August 2, 2021, finding Mock's testimony credible and Britt's not credible and recommending that the district court[1] deny the motion to vacate.  After *de novo* review, the district court adopted the magistrate judge's finding and recommendation and denied the motion to vacate.  This appeal followed.

We review the district court's denial of a § 2255 motion to vacate a sentence *de novo*.  *Bear Stops v. United States*, 339 F.3d 777, 779 (8th Cir. 2003).  However, we "review[] with deference the underlying findings of fact for clear error, including credibility determinations."  *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012)

---

[1]The Honorable Brian C. Buescher, United States District Court for the District of Nebraska, adopting the findings and recommendation of the Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

-2-

(internal quotation marks omitted). "A finding is clearly erroneous when evidence in its entirety creates a definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). Because the district court has a "comparative advantage at evaluating credibility," its "assessment of a witness's credibility is almost never clear error." *United States v. Salsberry*, 825 F.3d 499, 501 (8th Cir. 2016).

Britt's sole argument on appeal is that the district court clearly erred by finding that he did not instruct Mock to file a notice of appeal. Britt stakes his claim to credibility on the fact that he, unlike Mock, actually participated in the call with Mock's staff. He argues that the call "makes it very likely he also expressed the desire for a direct appeal and [Mock]'s support staff simply forgot to relay the message" and that Mock's testimony cannot rebut this inference because Mock only "received information about the phone call secondhand from support staff."

We disagree. As the district court pointed out, "[t]he evidentiary hearing was the first time Britt made mention of this post-sentencing phone call in this matter; allegations that Britt spoke with Mock's staff and made known his desire to appeal after he was sentenced are conspicuously absent from Britt's § 2255 motion." Britt undermined his credibility by relying on allegations he failed to include in his motion or raise at any time prior to the evidentiary hearing. *See Dressen v. United States*, 28 F.4th 924, 928-29 (8th Cir. 2022) (holding that the district court did not clearly err in finding that the petitioner did not tell his attorney to file a notice of appeal, despite the petitioner's testimony that he had done so, because the petitioner failed to allege any factual details in support of his claim in his § 2255 motion or at any time prior to the evidentiary hearing). As for Britt's claim that Mock's staff likely "simply forgot to relay" his instruction to appeal, we note that even though Mock was not present on the phone call, the fact that Britt signed a Rule 11(c)(1)(C) agreement with a plea waiver would have made it a memorable event for Mock's office staff had Britt called and instructed Mock to appeal. *See id.* at 927-29 (finding no clear error in the district court's assessment that the petitioner's attorney was credible, despite his lack of specific recollection whether the petitioner instructed

-3-

him to appeal, because an instruction to appeal from a plea agreement with a plea waiver would have been a memorable event). Finally, Britt further undermined his credibility by contradicting himself while testifying about the phone call: at first he said he was calling to "check the progress of the appeal," but later he said "the whole intention of the phone call" was to "reiterate . . . that [he] wished to appeal [his] sentence." *See United States v. Tamayo-Baez*, 820 F.3d 308, 313 (8th Cir. 2016) (concluding that the district court did not clearly err in deeming a witness not credible where the witness's testimony was inconsistent with the record). In light of these facts, and given our significant deference to the district court's credibility determinations, we cannot firmly and definitely conclude it was a mistake to discredit Britt's testimony and credit Mock's.

Britt cites only one authority, *Sellner*, to support his argument, but it is inapposite. In *Sellner*, the petitioner filed a § 2255 motion based on her attorney's failure to file a notice of appeal. 773 F.3d at 929. The district court denied the motion based solely on the attorney's contradicting affidavit. *Id*. at 930. We held that the district court abused its discretion by not holding an evidentiary hearing to evaluate the credibility of the petitioner and her attorney. *Id*. The district court did not make the same mistake here. It held an evidentiary hearing and made findings about the witnesses' credibility. For the reasons stated above, these findings were not clearly erroneous.

For the foregoing reasons, we affirm the district court's denial of the motion to vacate.

_____